# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CRIM. NO.  JKB-08-0382 |
| LONNIE BIVENS, | * | |
| | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## <u>MEMORANDUM ORDER</u>

Now pending before the Court is Defendant's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (ECF No. 260).  The Government opposes the motion.  (ECF No. 271.)  The Court has carefully reviewed the submissions of both sides and the entire record.  The Court finds that the Defendant is eligible to be considered for relief under the First Step Act.  *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019), *as amended* (Nov. 21, 2019) ("any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act . . . may seek a sentence reduction under the First Step Act").  The question now is whether the Court finds a sentence reduction appropriate.

First, the Court considers how the Federal Sentencing Guidelines apply.  For purposes of this case only, the Court agrees with the original guidelines computation, with a resultant offense level of 34, criminal history category VI.[1]  (*See* ECF No. 271 at 1–2.)  The Defendant is a career offender.  This results in a guidelines range of 262 to 327 months of incarceration.  (*Id.*)

---

[1] The Court does not make any broader holdings about the applicability of current law in First Step Act proceedings. The Court merely finds that this is the correct calculation of the Sentencing Guidelines in this case.

However, in calculating a sentence reduction for the Defendant, the Court has the authority and responsibility to apply all of the 18 U.S.C. § 3553(a) factors.  First, considering the history and characteristics of Defendant, the Court finds Defendant has a serious prior criminal history, but that those offenses occurred long ago and are less reflective on who the Defendant is today. As for the nature and circumstances of offense, this is a significant but not atypical drug distribution conspiracy.  The Defendant was involved in moving significant quantities of crack cocaine.  There is nothing in the record that indicates Defendant was involved in violence or that he possessed weapons in relation to this charge.  Considering the seriousness of offense, the Court finds this case is by definition serious by virtue of the quantity of drugs involved and the societal harm attendant to drug distribution on that scale in this community.

As for the need for deterrence, the Defendant has a significant prior criminal record. Accordingly, it is only rational that a substantial penalty is necessary to dissuade him from future offenses.  The Court also finds that the need to protect the public is a significant factor in this sentencing because of the quantity of drugs involved and the Defendant's prior criminal record.

Regarding the need to avoid unwarranted sentencing disparities among defendants with similar records and culpability, the Court takes into account the lack of scientific justification for treating crack cocaine and powder cocaine differently.  The Court has a policy difference with the U.S. Sentencing Commission in this regard.  The Court notes that if there were no mandatory minimums applicable and if the substance was treated as powder cocaine, it would yield a guidelines offense level of 21 and a criminal history category of VI, with a corresponding guidelines range of 77 to 96 months of incarceration. (*See* ECF No. 277 at 2.)[2]  The Court

---

[2] At the Court's request, the Government calculated the guidelines range for Bivens's co-defendant, Reginald Glover, who pleaded guilty to the same change and the same amount of cocaine base.  (ECF No. 277 at 2.)  However, Bivens's co-defendant only received a two-level reduction for acceptance of responsibility, while Bivens received a three-level

acknowledges that this calculation would ignore career offender status.  Nonetheless, it shows how the treatment of this substance as crack rather than powder distorts the guidelines computation. The Court finds this is an unwarranted disparity.

The Court finds that training and treatment are not a significant factor in this sentencing decision.  The Court also notes that the Government acknowledges Defendant's behavior in prison has been "excellent."  (ECF No. 271 at 8 n.2.)

Taking under advisement the Federal Sentencing Guidelines, the Court has computed the resultant offense level of 34, criminal history category VI.  (*See* ECF No. 271 at 1–2.)  This results in a guidelines range of 262 to 327 months of incarceration.  (*Id.*)  The Court finds that career offender status and the range produced significantly overstates the culpability of this Defendant.

The Court finds a sentence of 171 months is appropriate on Count One (conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846) and that it is sufficient but not more than necessary, all relevant factors considered.

Accordingly, a new judgment and commitment order will issue setting the sentence at 171 months.  All other terms of the sentence imposed not altered by this memorandum remain in full force and effect and will be reflected in the amended judgment and commitment order.

Therefore, the Motion for the Imposition of a Reduced Sentence pursuant to Section 404 of the First Step Act (ECF No. 260) is GRANTED to the extent described above.

DATED this 15th day of April, 2020.

---

reduction.  (*See* ECF No. 260 at 3.)  Therefore, Bivens's final offense level if the substance was treated as powder cocaine would be 21.

BY THE COURT:

_____/s/_____

James K. Bredar
Chief Judge